# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| ZACCHAEUS CHAISSION, #2054334, PLAINTIFF, | § § § § | |
| v. | § § | CASE NO. 3:22-CV-345-S-BK |
| FELICIA PITRE, ET AL. Defendants. | § § § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* case was referred to the United States magistrate judge for pretrial management, including the issuance of findings and a recommended disposition where appropriate. On February 11, 2022, Plaintiff Zacchaeus C. Chaission, a Texas prisoner, filed this 42 U.S.C. § 1983 action against state-court judge Dominique Collins, Dallas County District Clerk Felicia Pitre, Dallas County Deputy Clerk D. Cisnero, and Chaission's court-appointed attorneys, Brooke A. Busbee and Paul J. Johnson. Chaission seeks records from his state criminal proceedings so that he can collaterally challenge his conviction and sentence. Chaission filed an amended complaint on March 18, 2022. Doc. 7.[1] The Court granted him leave to proceed *in forma pauperis* but did not issue process pending

---

[1] Because "[a]n amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading[,]" Plaintiff's amended complaint is the operative pleading in this matter. *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (citation omitted). But, as a practical matter, the gist of the two complaints is the same.

preliminary screening. Doc. 6. For the following reasons, Chaission's complaint should be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted.

### I. BACKGROUND

In 2016, Chaission was convicted of capital murder by a Dallas County court and sentenced to 30 years' imprisonment. Doc. 3 at 1. He claims that "for years," he has tried to secure the necessary information to collaterally attack his conviction and sentence, such as the "client file, discovery, and court records," by contacting his court-appointed attorneys. Doc. 7 at 4. He also filed various motions in the state district court seeking records of his criminal proceedings, including motions to compel his attorneys to provide him with his client file, a motion to "furnish records without charge," a motion to hold in contempt, and a request for disposition on motions. Doc. 7 at 4. He contends the state court only provided a "disposition" notation on the docket sheet and a fee schedule. Doc. 7 at 4.

Chaission also claims that Judge Collins improperly failed to respond to his motions, and that District Clerks Pitre and Cisnero neglected or refused to perform their official duties to inform him of court decisions and furnish requested records. Doc. 7 at 3. He asserts that his court-appointed attorneys refused to provide him with his client file notes and transcripts of pertinent proceedings. *See* Doc. 7 at 3.

### II. LAW AND ANALYSIS

As a prisoner proceeding *in forma pauperis*, Chaission's complaint is subject to screening under 28 U.S.C. § 1915A. That statute provides for the *sua sponte* dismissal of a complaint against governmental entities or their officers and employees if the Court finds that it is (1) frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks

2

monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915A(a)-(b). Under 28 U.S.C. § 1915(e), a court may also summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint lacks an arguable basis in law when it is premised "on an indisputably meritless legal theory," *Id.* at 327, and fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The Court must always liberally construe pleadings filed by *pro se* litigants.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice.").  Even under the most liberal construction, however, Chaission's complaint should be dismissed.

The only relief that Chaission seeks is an order compelling Defendants to provide him documents so that he can proceed with a habeas application in state court.  Such request is properly construed as seeking mandamus relief.  *See Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973) (affirming district court's characterization and ultimate denial of the petitioner's request for order compelling clerk of court to comply with his request for production of transcript and other documents from criminal proceedings necessary for the preparation of his direct appeal as a petition for a writ of mandamus); *Johnson v. Morrell*,

3

391 F. App'x 333, 334 (5th Cir. 2010) (per curiam) (finding that the plaintiff's 42 U.S.C. § 1983 complaint seeking declaratory and injunctive relief related to the alleged failure of state officials to produce public records "amounts to a request for a writ of mandamus against state officials, which is not authorized by § 1983 if no other relief is sought").

It is well-established that federal courts are without power to issue writs of mandamus against state officers in the performance of their duties where mandamus is the only relief sought. *See Moye*, 474 F.2d at 1275-76. Thus, the Court cannot mandamus state officials to produce Chaission's criminal records. *See Santee v. Quinlan*, 115 F.3d 355, 357 (5th Cir. 1997) (affirming dismissal of petition for writ of mandamus as frivolous because federal courts lack the power to mandamus state officials in the performance of their duties); *Franklin v. Texas*, No. 3:04-CV-0743-N, 2004 WL 1373171, at *1 (N.D. Tex. June 17, 2004) ("[T]his court is without the authority and jurisdiction to require either the state convicting court or the intermediate appellate court to provide Franklin with access to state court records from his aggravated sexual assault conviction. Accordingly, this action construed as a petition for a writ of mandamus, should be dismissed with prejudice, the same being frivolous.") (footnote omitted).

Nor can the Court grant relief against Chaission's court-appointed attorneys, as they are not "state-actors" and, therefore, cannot be sued under § 1983. *See*, *e.g.*, *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("[P]rivate attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983."); *Polk Cnty. v. Dodson*, 454 U.S. 312, 324-25 (1981).

### III. CONCLUSION

For the foregoing reasons, Chaission's complaint should be **DISMISSED WITH PREJUDICE** under 28 U.S.C. §§ 1915A and (e)(2)(B), for failure to state a claim upon which relief can be granted.

**SO RECOMMENDED** on July 21, 2022.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).